**UNITED STATES LINES, INC., as owner of the SS AMERICAN ARCHER, etc., Plaintiff,**

**J. K. Polikoff, Plaintiff-Appellant,**

**v.**

**M/V JOSE LUIS AZNAR, her engines, tackles, etc., Defendant-Appellee.**

**No. 72-3653**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

June 15, 1973.

Jacob Rassner, New York City, Engelbert J. Berger, Cristobal, Canal Zone, for plaintiff-appellant.

David de C. Robles, Harry H. Allen, Jr., Betty H. Olchin, Roy P. Phillipps, Balboa, Canal Zone, H. Tzanetatos, Republic of Panama, for defendant-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

LEWIS R. MORGAN, Circuit Judge:

The M/V Jose Luis Aznar and its cargo were ordered sold by the United States District Court of the District of the Canal Zone by writ of *"Venditioni Exponas"* issued on September 27, 1972. The Marshal, pursuant to that order, caused notices to be published in keeping

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New

York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

with the district court rules announcing the sale of the ship and cargo for October 30, 1972. At that sale there was only one bidder, one Roberto Motta, whose bid for both the ship and the cargo was $60,000.00. The same afternoon of the Marshal's sale a motion was filed with the district court to disapprove the sale since the amount offered was so low as to constitute a mockery. At a hearing on this motion it was suggested that the lack of enthusiasm of other persons to submit bids was probably due to the ambiguous manner of the wording of the notice of the Marshal's sale.

After several hearings on this matter it became apparent to the court that other persons would be interested in entering bids if the sale of October 30, 1972, were disapproved and a second Marshal's sale was ordered. The district court stated that in order to grant the motion to disapprove the original bid of $60,000.00, a guaranteed upset bid in an amount substantially higher would be required.

In order to satisfy the court on this point, one Norman Wolfson from Fort Lauderdale appeared in court and assured the district court that if the ship and its cargo were readvertised he would enter a bid of not less than $100,000.00. Also, one John Glikis stated to the court that as representative for J. K. Polikoff he was willing to enter an upset bid of not less than $110,000.00, and agreed to put up a bond as a guarantee that if the ship and cargo were readvertised he would make such a minimum bid. The court, satisfied with these guarantees, informed all persons present that the ship and cargo would be readvertised and resold.

On November 8, 1972, the court disapproved the Marshal's October 30th sale to Roberto Motta and directed the Marshal to readvertise the sale of the vessel and cargo and ordered that said sale should be for a sum of not less than $110,000.00. At the second sale the highest competitive bidder offered $360,000.-00 and, therefore, purchased the ship and its cargo. The successful bidder was Alfa II Shipping Company S.A., and the second highest bidder was John Glikis, with a bid of $300,000.00 on behalf of the appellant.

I

Appellant Polikoff contends it was not given an opportunity to object to the resale of the vessel. This court finds upon review of the record that appellant was well aware of the time and place of the resale; that appellant did enter a bid on the resale, and that appellant was well aware that it did not purchase the ship with its bid of $300,000.00. The appellant now contends that it should be allowed to contest this resale.

■ If the appellant had been in any way prejudiced by the actions of the court on the resale of this ship, then certainly they would have a right to come in and protest this sale. This, however, was not the case below. Appellant was aware of and participated in all of the dealings involved with the resale of the ship from the original upset bid to the resale. Appellant was fully aware of all procedures and transactions and there is no grounds upon which to base its allegations of prejudice.

II

Appellant contends that it was under the impression it had purchased the ship and cargo for $110,000.00 on the basis of the various discussions and statements which were made at the time of the hearing on the motion to disapprove the first sale. The record shows clearly that the court discussed dates for resale and that appellant participated in these discussions.

Furthermore, in appellant's letter of November 20, 1972, to the judge below, appellant stated that it was concerned about seeing advertisements for the resale in that day's *Journal of Commerce* in New York. The appellant stated that its concern was based on the fact that these advertisements could create undue

competition as regards the resale. This court finds that the appellant by its own admission was fully aware of the fact that a resale with competitive bidding was going to take place and that it was not purchasing the boat in question for $110,000.00.

### III

Appellant maintains that ordering and requiring appellant to defray the expenses and costs of the highest bidder at the original sale was error by the court below. The appellant contends that this should have been paid by the successful bidder at resale. While this contention does have some appeal, a careful analysis of the case indicates that the court below acted correctly.

▮ The district court, using its discretion, required appellant to pay the costs of the original purchaser for several reasons. First, paying these costs certainly showed an indication of good faith on the part of appellant as to bidding at the resale. Even more important, if, on resale, the original purchaser was again the highest bidder, then he would be in a situation of repaying himself for the difference in the cost from the original sale and the resale. In other words, if the original purchaser were again successful in purchasing the ship, he would automatically be out all of his costs and expenses as a result of the resale. The court, therefore, required the upset bidder to pay these costs and thus ensured that there would not be an inequitable burden placed upon the original bidder. Judge Learned Hand clearly recognized the possibility of this inequity as early as 1931 in Electric Boat Company v. East Hampton Shipping Company, 2 Cir., 48 F.2d 542. In that case Judge Hand required an upset bidder to pay all costs of the original purchaser prior to any resale.

This court, having considered all assignments of error and discussed those that it deemed meritorious, orders that the court below in all respects is

Affirmed.